Chad D. Bernard (SBN 194162)
Danielle C. Cepeda (SBN 327502)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430
Chad.Bernard@jacksonlewis.com
Danielle.Cepeda@jacksonlewis.com

Attorneys for Defendant
XPO LOGISTICS FREIGHT, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK MARTINEZ, | **CASE NO.:** |
| Plaintiff, | **DECLARATION OF CHAD D. BERNARD IN SUPPORT OF NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b)** |
| vs. | |
| XPO LOGISTICS FREIGHT, INC., a Delaware Corporation; and DOES 1 through 50, inclusive. | |
| Defendants. | [Filed concurrently with Notice of Removal of Action; Declarations of Riina Tohvert, and Pablo Eguez; Notice of Interested Parties; Corporate Disclosure Statement; and Civil Case Cover Sheet] |
| | Complaint Filed: August 1, 2022 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DECLARATION OF CHAD D. BERNARD IN SUPPORT OF NOTICE OF REMOVAL

## DECLARATION OF CHAD D. BERNARD

I, Chad D. Bernard, hereby declare as follows:

1.      I am an attorney duly admitted to practice law before all the courts in the State of California and the United States District Court for the Central District of California, where I am in good standing.  I am an attorney in the law firm of Jackson Lewis P.C., counsel of record for Defendant XPO Logistics Freight, Inc. ("Defendant").  I have personal knowledge of the facts stated in this declaration and if called upon to do so, I could and would competently testify to them.  I submit this declaration in support of Defendant's Notice of Removal of Civil Action.

2.      On October 7, 2022, Defendant XPO Logistics Freight, Inc. was served with a copy of the Summons, Complaint, and other related documents.  A true and complete copy of the Summons, Complaint and other related court documents received by Defendant XPO Logistics Freight, Inc. is attached hereto as **Exhibit "A."**

3.      On September 15, 2022, the Court filed a Notice of Trial Setting Conference and Notice of Case Assignment.  (*See* Exhibit A.)

4.      Defendant XPO Logistics Freight, Inc. first received Plaintiff's Summons and Complaint and related court documents on October 7, 2022.

5.      On November 4, 2022, Defendant XPO Logistics Freight, Inc. filed and served its Answer in the San Bernardino County Superior Court.  A true and correct copy of Defendant XPO Logistics Freight, Inc.'s Answer is attached hereto as **Exhibit "B."**

6.      As of November 7, 2022, Plaintiff has not yet filed Proof of Service of Summons for service of the Summons, Complaint, and other related documents on XPO Logistics Freight, Inc.

7.      Prior to the filing of Defendant's Notice of Removal, I reviewed the San Bernardino County Superior Court's online docket regarding the above-captioned action. Based on my review of the docket, and to the best of my knowledge, the foregoing documents identified as Exhibits A through B constitute all of the process, pleadings, orders, and other documents received by Defendant and/or on file in the state court action

1    in San Bernardino County Superior Court.

2         I declare under penalty of perjury under the laws of the State of California and the

3    United States that the foregoing is true and correct.

4         Executed this 7th day of November, 2022 at Los Angeles, California.

5

6                                          /s/ Chad D. Bernard

7                                          CHAD. D. BERNARD

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CHAD D. BERNARD IN SUPPORT OF NOTICE OF REMOVAL

# EXHIBIT A

**Registered Agent Solutions, Inc.**
*Corporate Mailing Address*
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Phone: (888) 705-RASi (7274)

# SERVICE OF PROCESS RECEIPT

2022-10-07

Service of Process Department
**XPO Logistics Freight, Inc.**
c/o Legal Department
2211 Old Earhart Road
Ann Arbor, MI 48105 USA

| NOTICE OF CONFIDENTIALITY |
|---|
| This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274. |

**RE:   XPO Logistics Freight, Inc.**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review.  A summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.
For additional information and instruction, contact the document issuer:  JML LAW, APLC

**SERVICE INFORMATION**

| | |
|---|---|
| Service Date: | 2022-10-07 |
| Service Time: | 1:24 PM PDT |
| Service Method: | Process Server |

**RASi REFERENCE INFORMATION**

| | |
|---|---|
| Service No.: | 0230092 |
| RASi Office: | California |
| Rec. Int. Id.: | AXS |

**CASE INFORMATION**

| | |
|---|---|
| Case Number: | CIVSB2216503 |
| File Date: | 09/15/2022 |
| Jurisdiction: | CALIFORNIA SUPERIOR COURT, SAN BERNARDINO COUNTY |
| Case Title: | ERICK MARTINEZ VS. XPO LOGISTICS FREIGHT, INC., ET AL. |

**ANSWER / APPEARANCE INFORMATION**

30 days                              *(Be sure to review the document(s) for any required response dates)*

**AGENCY / PLAINTIFF INFORMATION**

| | |
|---|---|
| Firm/Issuing Agent: | JML LAW, APLC |
| Attorney/Contact: | STEPHEN J. WIARD |
| Location: | California |
| Telephone No.: | 818-610-8800 |

**DOCUMENT(S) RECEIVED & ATTACHED**

Complaint
Summons
Notice: OF TRIAL SETTING CONFERENCE; OF CASE ASSIGNMENT
Affidavit / Certification
Demand for Jury Trial

**ADDITIONAL NOTES**

**Questions or Comments...** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission.  The transmitted documents have also been uploaded to your Corpliance account.  RASi offers additional methods of notification including Telephone Notification and FedEx Delivery.  If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

XPO LOGISTICS FREIGHT, INC., a Delaware Corporation; and Docs
1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ERICK MARTINEZ an individual,

**F I L E D**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 1 5 2022

*[signature]*
**Sophia A. Smith**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California | **CASE NUMBER:**<br>*(Número del Caso):*<br>**CIV SB 2 2 1 6 5 8 3** |

County of San Bernardino
247 West Third Street, San Bernardino, CA 92415

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen J. Wiard, JML LAW, APLC; 5855 Topanga Canyon Blvd., Ste. 300, Woodland Hills, CA 91367
TEL: (818) 610-8800

| DATE:<br>*(Fecha)* **SEP 1 5 2022** | Clerk, by<br>*(Secretario)* **Sophia A. Smith** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: **XPO Logistics Freight, Inc., a Delaware Corporation**

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Stephen J. Wiard, Dina A. Issagholi<br>JML LAW, APLC<br>5855 Topanga Canyon Blvd., Ste. 300<br>Woodland Hills, CA 91367    SBN: 293707; 341132<br>TELEPHONE NO.: (818) 610-8800    FAX NO.: (818) 610-3030<br>ATTORNEY FOR (Name): Plaintiff, Erick Martinez | FILED<br>SUPERIOR COURT<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>AUG 01 2022<br><br>*[signature]*<br>Sophia A. Smith |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: Civil Division

CASE NAME:
Martinez v XPO Logistics Freight, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIV SB 2 2 1 6 5 0 3 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): 11
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 7/29/22

Stephen J. Wiard
(TYPE OR PRINT NAME)    ► *Stephen J. Wiard* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

STEPHEN J. WIARD, STATE BAR NO. 293707
DINA A. ISSAGHOLI, STATE BAR NO. 341132

Attorneys for Plaintiff
ERICK MARTINEZ

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG 0 1 2022

Sophia A. Smith

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| ERICK MARTINEZ, an individual, <br><br> Plaintiff <br><br> vs. <br><br> XPO LOGISTICS FREIGHT, INC., a Delaware Corporation; and DOES 1 through 50, inclusive, <br> Defendants | Case No.: CIV SB 2 2 1 6 5 0 3 <br><br> COMPLAINT FOR: <br><br> 1. **DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.* [FEHA]** <br> 2. **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FEHA** <br> 3. **RETALIATION IN VIOLATION OF THE FEHA** <br> 4. **FAILURE TO PAY EARNED WAGES** <br> 5. **FAILURE TO PAY MINIMUM WAGES** <br> 6. **FAILURE TO PAY OVERTIME WAGES** <br> 7. **MEAL BREAK VIOLATIONS** <br> 8. **REST BREAK VIOLATIONS** <br> 9. **WAITING TIME PENALTIES** <br> 10. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS** <br> 11. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** <br><br> **DEMAND FOR JURY TRIAL** |

1

COMPLAINT

1    Plaintiff, ERICK MARTINEZ, hereby brings his complaint against the above-named

2    Defendants and states and alleges as follows:

3    **PRELIMINARY ALLEGATIONS**

4        1.    At all times mentioned herein and at the time each of Plaintiff's causes of action

5    arose, Plaintiff was an individual residing in the State of California and was employed by

6    Defendants in the County of San Bernardino.

7        2.    Plaintiff alleges that Defendant XPO LOGISTICS FREIGHT, INC. ("Defendant")

8    is a Delaware corporation doing business in the County of San Bernardino, California. At all

9    relevant times, Defendant employed five or more people.

10        3.    Plaintiff is unaware of the true names and capacities of Defendants sued herein as

11    DOES 1 through 50, inclusive, and for that reason sues said Defendants by such fictitious names.

12    Plaintiff will file and serve one or more amendments to this Complaint upon learning the true

13    names and capacities of said Defendants.

14        4.    Upon information and belief, Plaintiff alleges that each of the fictitiously named

15    Defendants is responsible in some manner for and proximately caused the injuries and damages

16    sustained by Plaintiff as alleged in this Complaint.

17        5.    Upon information and belief, Plaintiff alleges that each of the Defendants named

18    herein acted as the employee, agent, servant, partner, alter-ego and/or joint venture of one or

19    more of the other Defendants named herein. In doing the acts and/or omissions alleged herein,

20    each of said Defendants acted with the course and scope of his or her relationship with any other

21    Defendants and gave and received full consent, permission and ratification to the acts and/or

22    omissions alleged herein.

23        6.    Hereinafter in this Complaint, unless otherwise noted, reference to a Defendant

24    shall mean all Defendants, and each of them.

25    ///

26    ///

27    ///

28    ///

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1

## FACTUAL SUMMARY

2      7.      Plaintiff commenced his employment with Defendants in or around September

3   2014 as a dock worker. Throughout his employment with Defendants, Plaintiff performed his

4   duties diligently and satisfactorily. Plaintiff later transferred to a truck driver position.

5      8.      Throughout 2019 and 2020, Plaintiff suffered a cumulative back injury while

6   working for Defendants. Due to his disability, Plaintiff went on multiple medical leaves,

7   including an intermittent leave. When Plaintiff sought treatment for his condition during his

8   intermittent leave, Defendant attempted on at least one occasion to discipline Plaintiff for

9   disability related absences.

10     9.      Plaintiff's condition worsened and Plaintiff took another medical leave of absence

11  for his back injury from in or around November 2020 until in or around August 2021.

12     10.     Shortly after Plaintiff returned to work in or around August 2021, Defendants

13  began mistreating Plaintiff. For example, Plaintiff requested re-training for operating

14  Defendants' machinery and trucks because Plaintiff was on medical leave for the past several

15  months and there likely were updates in the job's processes and procedures. Defendants resisted

16  providing Plaintiff with such training. Defendants remained hostile towards Plaintiff during this

17  time including Defendants Human Resources' representative yelling at Plaintiff in front of his

18  coworkers.

19

20     11.     On or around August 11, 2021, Defendants suspended Plaintiff and later

21  terminated Plaintiff on or around August 17, 2021 for pretextual reasons. Plaintiff alleges that

22  Defendants' true motivation for terminating him shortly after he returned from medical leave

23  was discrimination and retaliation based on Plaintiff's disability and request for/use of a

24  reasonable accommodation.

25     12.     Throughout Plaintiff's employment, Defendants regularly required Plaintiff to

26  work more than eight (8) hours in one day and/or more than forty (40) hours in one week.

27  Defendants failed to compensate Plaintiff at least minimum wage for all hours worked and

28

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1    overtime and/or double time for hours worked in excess of eight (8) hours in one day and/or

2    forty (40) hours in one week.

3            13.    Furthermore, during Plaintiff's employment, Plaintiff was not given compliant

4    meal and rest periods. Instead, Defendants required Plaintiff to frequently work through his

5    meal and rest periods.

6            14.    At all relevant times, Defendants failed to keep accurate employment records,

7    including accurate payroll records showing the actual hours worked daily and the wages paid to

8    Plaintiff.

9            15.    Plaintiff exhausted his administrative remedies by timely filing a complaint with

10   the Department of Fair Employment and Housing ("DFEH"). Plaintiff received a notice of right

11   to sue from the DFEH on that same day.

12

13                          **FIRST CAUSE OF ACTION**

14   **DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940**

15                          ***ET SEQ.* [FEHA]**

16                          **(Against all Defendants)**

17

18           16.    Plaintiff realleges and incorporates by reference the above of this Complaint as if

19   fully set forth herein.

20           17.    At all times herein mentioned, California Government Code § 12940 et seq. was

21   in full force and effect and was binding on Defendants and each of them, as Defendants regularly

22   employed five (5) or more persons.

23           18.    Defendants discriminated against Plaintiff on account of Plaintiff's disability.

24   Defendants' discriminatory behavior included, but was not limited to, terminating Plaintiff's

25   employment.

26           19.    As a proximate result of Defendants' conduct, Plaintiff has suffered and will

27   continue to suffer actual, consequential, and incidental damages, including but not limited to,

28   loss of wages and benefits, and the intangible loss of employment related opportunities in

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

4

1  Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to

2  proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil

3  Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

4      20.    As a proximate result of Defendants' conduct, Plaintiff has suffered and will

5  continue to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as

6  the manifestation of physical symptoms. Upon information and belief, Plaintiff alleges that

7  Plaintiff will continue to experience said physical and emotional suffering for a period in the

8  future not presently ascertainable, all in an amount subject to proof at trial.

9      21.    As a proximate result of Defendants' conduct, Plaintiff has been forced to hire

10 attorneys to prosecute the claims asserted herein and has incurred and is expected to continue to

11 incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys'

12 fees and costs pursuant to California Government Code § 12965.

13     22.    In committing the acts alleged herein, Defendants have engaged in oppression,

14 fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to

15 punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or

16 malice were engaged in by the officers, directors and/or employees of Defendants. Each

17 Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the

18 wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary

19 and punitive damages against each Defendant in an amount that is appropriate to punish each

20 Defendant and deter others from engaging in such conduct.

21

22

23                          **SECOND CAUSE OF ACTION**

24      **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FEHA**

25                            **(Against all Defendants)**

26     23.    Plaintiff realleges and incorporates by reference the above of this Complaint as if

27 fully set forth herein.

28     24.    At all times herein mentioned, California Government Code § 12940 et seq. was

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

in full force and effect and was binding on Defendants and each of them, as Plaintiff regularly employed five (5) or more persons. California Government Code § 12940(k) requires employers to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

25.    Despite Plaintiff's complaints of being mistreated after returning from a disability leave of absence, Defendants willfully failed to take any actions to prevent discrimination from occurring. Instead, Defendants pursued discriminatory actions against Plaintiff, including terminating Plaintiff's employment.

26.    As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer actual, consequential and incidental damages, including but not limited to, loss of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

27.    As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Upon information and belief, Plaintiff alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at trial.

28.    As a proximate result of Defendants' conduct, Plaintiff has been forced to hire attorneys to prosecute the claims asserted herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs pursuant to California Government Code § 12965.

29.    In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the

6

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1    wrongful conducted alleged in this Complaint.  As such, Plaintiff should be awarded exemplary

2    and punitive damages against each Defendant in an amount that is appropriate to punish each

3    Defendant and deter others from engaging in such conduct.

### THIRD CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE FEHA

#### (Against all Defendants)

30.    Plaintiff realleges and incorporates by reference the above of this Complaint as if
fully set forth herein.

31.    At all times herein mentioned, California Government Code § 12940 et seq. was
in full force and effect and was binding on Defendants and each of them, as Defendants regularly
employed five (5) or more persons.  California Government Code § 12940 et seq. prohibits an
employer from retaliating against in an employee based upon the employee's opposition to
practices forbidden under the Fair Employment and Housing Act and/or requesting a reasonable
accommodation.

32.    Plaintiff engaged in protected activity as described in this Complaint, specifically
Plaintiff requested an accommodation for Plaintiff's disability.  Defendants terminated Plaintiff's
employment as a result of the aforementioned protected activity.

33.    As a proximate result of Defendants' conduct, Plaintiff has suffered and will
continue to suffer actual, consequential and incidental damages, including but not limited to, loss
of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's
field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the
time of trial.  Plaintiff claims such amounts as damages pursuant to California Civil Code §§
3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

34.    As a proximate result of Defendants' conduct, Plaintiff has suffered and will
continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as
the manifestation of physical symptoms.  Upon information and belief, Plaintiff alleges that

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1    Plaintiff will continue to experience said physical and emotional suffering for a period in the

2    future not presently ascertainable, all in an amount subject to proof at trial.

3        35.    As a proximate result of Defendants' conduct, Plaintiff has been forced to hire

4    attorneys to prosecute the claims asserted herein and has incurred and is expected to continue to

5    incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys'

6    fees and costs pursuant to California Government Code § 12965.

7        36.    In committing the acts alleged herein, Defendants have engaged in oppression,

8    fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to

9    punitive damages in a sum appropriate under the law.  The acts of oppression, fraud and/or

10   malice were engaged in by the officers, directors and/or employees of Defendants.  Each

11   Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the

12   wrongful conducted alleged in this Complaint.  As such, Plaintiff should be awarded exemplary

13   and punitive damages against each Defendant in an amount that is appropriate to punish each

14   Defendant and deter others from engaging in such conduct.

15

16

17                          **FOURTH CAUSE OF ACTION**

18   **FAILURE TO PAY EARNED WAGES IN VIOLATION OF CAL. LABOR CODE § 204**

19                          **(Against all Defendants)**

20       37.    Plaintiff realleges and incorporates by reference the above of this Complaint as if

21   fully set forth herein.

22       38.    Labor Code § 204 states that all wages, other than those mentioned in §§ 201,

23   201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice

24   during each calendar month, on days designated in advance by the employer as the regular

25   paydays.  Furthermore, all wages earned for labor in excess of the normal work period shall be

26   paid no later than the payday for the next regular payroll period.

27       39.    Labor Code § 218.6 states that "[i]n any action brought for the nonpayment of

28   wages, the court shall award interest on all due and unpaid wages at the rate of interest specified

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1   in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the

2   wages were due and payable…"

3       40.     During the relevant time period, Defendants failed to pay Plaintiff all wages due

4   to Plaintiff, including, but not limited to, minimum wages, overtime wages, within any time

5   period specified by California Labor Code section 204.

6       41.     California Labor Code section 210 provides: "In addition to, and entirely

7   independent and apart from, any other penalty provided in this article, every person who fails to

8   pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205,

9   205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one

10  hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation,

11  or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each

12  employee, plus 25 percent of the amount unlawfully withheld. For violations of Labor Code

13  sections 201, 202, and 204, penalties under Labor Code section 210 in the amount of $100 for

14  the initial violation, $200 for each subsequent violation, plus 25% of the amount unlawfully

15  withheld."

16      42.     Plaintiff has been deprived of Plaintiff's rightfully earned wages as a direct and

17  proximate result of Defendants' failure and refusal to pay said wages. As such, Plaintiff is

18  entitled to recover such amounts, plus interest thereon, attorneys' fees and costs, as well as the

19  penalties provided for in California Labor Code section 210.

20

21              **FIFTH CAUSE OF ACTION**

22          **FAILURE TO PAY MINIMUM WAGE**

23  **IN VIOLATION OF LABOR CODE §§ 1194, 1194.2, 1197, 218.5, 218.6**

24              **(Against all Defendants)**

25      43.     Plaintiff realleges and incorporates by reference the above of this Complaint as if

26  fully set forth herein.

27      44.     Pursuant to Labor Code §§ 1194, 1194.2, and 1197, it is unlawful for an employer

28  to suffer or permit a California employee to work without paying wages at the proper minimum

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

wage for all time worked as required by the applicable IWC Wage Order number 16, codified at California Code of Regulations, title 8, section 11160, subdivision 4.

45.    Pursuant to IWC Wage Order number 4, subdivision 2(k), at all times material hereto, "hours worked" included "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

46.    Labor Code § 1197 states, in full: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

47.    California Labor Code § 1194, subdivision (a), states that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

48.    Labor Code §1194.2 states that: "In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

49.    Labor Code § 218.5 states that "[i]n any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action."

50.    Labor Code § 218.6 states that "[i]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable…"

51.     During Plaintiff's employment with Defendants, Plaintiff regularly worked more than eight (8) hours per day and/or forty (40) hours per week, for which Plaintiff also did not receive some wages.

52.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to receive at least minimum wages for compensation and that Plaintiff was not receiving at least minimum wages for work done.

53.     Defendants' failure to pay Plaintiff the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections, Plaintiff is entitled to recover the unpaid balance of his minimum wage compensation, as well as interest, costs and attorney's fees pursuant to Labor Code Sections 1194, 1197, 218.5, and 218.6.

54.     Pursuant to California Labor Code section 1194.2, Plaintiff is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### SIXTH CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
### IN VIOLATION OF CAL. LABOR CODE §§510, 1194, AND 1198
### (Against all Defendants)

55.     Plaintiff realleges and incorporates by reference the above of this Complaint as if fully set forth herein.

56.     California Labor Code § 510 mandates that any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

57.     California Labor Code § 510 also requires that any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

58.    Further, California Labor Code §1194 states, in pertinent part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

59.    Throughout the relevant time period, Plaintiff was not exempt from the employment laws and regulations of California and was required to work more than eight hours in one day and/or more than forty hours in one week.

60.    Defendants failed and refused to pay Plaintiff the overtime compensation required by California laws and regulations.

61.    Plaintiff has been deprived of Plaintiff's rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs pursuant to California Labor Code sections 510, 1194 and 1198.

62.    Additionally, Plaintiff is entitled to fifty dollars ($50.00) each for the initial pay period that Defendants failed to pay Plaintiff's overtime wages, and an additional one hundred dollars ($100.00) for each subsequent pay period in which this violation occurred, in addition to the amount of Plaintiff's underpaid wages, pursuant to California Labor Code Sections 510, 558, 1194, and 1197.1.

## SEVENTH CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS
### IN VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 AND 512
### (Against all Defendants)

63.    Plaintiff realleges and incorporates by reference the above of this Complaint as if fully set forth herein.

64.    California Labor Code § 226.7 states that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

12
COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1  Industrial Welfare Commission" and additionally, that "[i]f an employer fails to provide an

2  employee a meal period or rest period in accordance with an applicable order of the Industrial

3  Welfare Commission, the employer shall pay the employee one additional hour of pay at the

4  employee's regular rate of compensation for each work day that the meal or rest period is not

5  provided."

6       65.    California Labor Code § 512(a) states in full, "An employer may not employ an

7  employee for a work period of more than five hours per day without providing the employee

8  with a meal period of not less than 30 minutes, except that if the total work period per day of the

9  employee is no more than six hours, the meal period may be waived by mutual consent of both

10  the employer and employee.  An employer may not employ an employee for a work period of

11  more than 10 hours per day without providing the employee with a second meal period of not

12  less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second

13  meal period may be waived by mutual consent of the employer and the employee only if the first

14  meal period was not waived.

15       66.    During the relevant time period, Defendants willfully failed to authorize and

16  permit Plaintiff to take meal breaks. Plaintiff was required to work for periods longer than five

17  (5) hours without a meal period, and was also required to work for more than 10 hours without

18  receiving a second meal period.

19       67.    Defendants also had no policy and/or practice to pay a premium when meal

20  periods were missed and thus failed to pay Plaintiff the full meal period premium due. As such,

21  Plaintiff did not receive compensation at the rate of one hour's pay for each day Plaintiff did not

22  receive a meal period.

23       68.    Plaintiff has been deprived of Plaintiff's right to meal periods as a direct and

24  proximate result of Defendants' failure and refusal to recognize said breaks.

25       69.    Based on Defendants' conduct as alleged herein, Defendants are liable for

26  statutory penalties pursuant to California Labor Code § 226.7 for their violations of the Industrial

27  Welfare Commission (IWC) wage orders regarding meal periods.  Plaintiff is entitled to one (1)

28  additional hour of pay per day that Defendants denied Plaintiff an uninterrupted meal period.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**IN VIOLATION OF CALIFORNIA LABOR CODE §§226.7, 512, AND 558**

**(Against all Defendants)**

70.     Plaintiff realleges and incorporates by reference the above of this Complaint as if fully set forth herein.

71.     California Labor Code § 226.7 states that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission" and additionally, that "[i]f an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

72.     During the relevant time period, Defendants willfully required Plaintiff to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.  Defendants also had no policy and/or practice to pay a premium when rest periods were missed, and thus failed to pay Plaintiff the full rest period premiums due to Plaintiff.

73.     As such, Plaintiff did not receive ten (10) minute rest periods for every four (4) hours of work or major fraction thereof, as mandated by the California Labor Code and the Industrial Welfare Commission.  Furthermore, Plaintiff did not receive compensation at the rate of one hour's pay for each day Plaintiff were deprived of Plaintiff's rest period(s).

74.     Based on Defendants' conduct as alleged herein, Defendants are also liable for statutory penalties pursuant to California Labor Code § 226.7 for their violations of the Industrial Welfare Commission (IWC) wage orders regarding rest periods.

75.     Plaintiff is entitled to one (1) additional hour of pay per day that Defendants denied Plaintiff an uninterrupted rest period.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1

## NINTH CAUSE OF ACTION

2

### WAITING TIME PENALTIES (CAL. LABOR CODE §§ 201 THROUGH 203)

3

#### (Against all Defendants)

4      76.     Plaintiff realleges and incorporates by reference the above of this Complaint as if

5  fully set forth herein.

6      77.     Labor Code § 201 requires the immediate payment of wages earned and unpaid at

7  the time of an employee's discharge or layoff.

8      78.     Labor Code § 203, subdivision (a), states that if an employer willfully fails to pay,

9  without abatement or reduction, in accordance with Sections 201 and 202, *inter alia*, any wages

10  of an employee who is discharged or who quits, "the wages of the employee shall continue as a

11  penalty from the due date thereof at the same rate until paid or until an action therefor is

12  commenced; but the wages shall not continue for more than 30 days."

13      79.     Labor Code § 203, subdivision (b), states: "Suit may be filed for these penalties at

14  any time before the expiration of the statute of limitations on an action for the wages from which

15  the penalties arise."

16      80.     During the relevant period, Defendants willfully failed to pay Plaintiff who is no

17  longer employed by Defendants the earned and unpaid wages set forth above, including but not

18  limited to overtime wages, minimum wages, and rest period premium wages, either at the time of

19  discharge, or within seventy-two (72) hours of Plaintiff leaving Defendants' employ. These

20  actions were in violation of California Labor Code sections 201 and 202.

21      81.     Based on Defendants' conduct as alleged herein, Defendants are liable to Plaintiff

22  for statutory penalties pursuant to California Labor Code § 203. Plaintiff who is no longer

23  employed by Defendants is therefore entitled to recover from Defendants the statutory penalty

24  wage for each day Plaintiff was not paid, up to a thirty (30) day maximum, pursuant to California

25  Labor Code § 203.

26  /

27  /

28  /

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

15

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

### TENTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS

### IN VIOLATION OF CAL. LABOR CODE § 226(a)

#### (Against all Defendants)

82.     Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

83.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including all applicable hourly rates, and total hours worked, among other things.

84.     Defendants have intentionally and willfully failed to provide Plaintiff with complete and accurate wage statements.  The deficiencies include, among other things, the failure to state all hours worked, including overtime and double time, gross wages earned, and net wages earned.

85.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff has suffered injury and damage to Plaintiff's statutorily-protected rights.

86.     Specifically, Plaintiff has been injured by Defendants' intentional violation of California Labor Code section 226(a) because Plaintiff was denied Plaintiff's legal right in receiving accurate, itemized wage statements under Labor Code §226(a).

87.     Plaintiff is entitled to recover penalties from Defendants, including the greater of Plaintiff's actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee. Plaintiff is also entitled to recover from Defendants Plaintiff's damages caused by Defendants' failure to comply with California Labor Code section 226(a).

/

/

/

/

16

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ELEVENTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against all Defendants)

88.     Plaintiff realleges and incorporates by reference the above of this Complaint as if fully set forth herein.

89.     At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in Government Code § 12940, *et seq.* is to prohibit employers from discriminating, harassing and retaliating against employees.  This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.  Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California Government Code §§ 12940 *et seq.* and the laws and regulations promulgated thereunder.

90.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

91.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

92.     In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to



1    punitive damages in a sum appropriate under the law.  The acts of oppression, fraud and/or

2    malice were engaged in by the officers, directors and/or employees of Defendants.  Each

3    Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the

4    wrongful conducted alleged in this Complaint.  As such, Plaintiff should be awarded exemplary

5    and punitive damages against each Defendant in an amount that is appropriate to punish each

6    Defendant and deter others from engaging in such conduct.

7    /

8    /

9    /

10   /

11   /

12   /

13   /

14   /

15   /

16   /

17   /

18   /

19   /

20   /

21   /

22   /

23   /

24   /

25   /

26   /

27   /

28   /

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.   For general damages, according to proof;

2.   For special damages, according to proof;

3.   For loss of earnings, according to proof;

4.   For statutory penalties for wage and hour violations, according to proof;

5.   For civil penalties for the above Labor Code sections;

6.   For declaratory relief, according to proof;

7.   For injunctive relief, according to proof;

8.   For attorneys' fees, according to proof;

9.   For prejudgment interest, according to proof;

10.  For punitive and exemplary damages, according to proof;

11.  For costs of suit incurred herein; and

12.  For such other relief that the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:     July 29, 2022                    JML LAW, A Professional Law Corporation


By:   *Stephen J. Wiard*
      _____
      STEPHEN J. WIARD

      DINA A. ISSAGHOLI

      Attorneys for Plaintiff

19

COMPLAINT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

ERICK MARTINEZ

CASE NO.: CIV SB 2 2 1 6 5 8 3

vs.

**CERTIFICATE OF ASSIGNMENT**

XPO LOGISTICS FREIGHT, INC.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino _____ District of the Superior Court under Rule 404 of this court for the checked reason:

☐ General          ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other EMPLOYMENT LAW | THE CAUSE OF ACTION AROSE WITHIN THE DISTRICT |
| | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| XPO Logistics Freight, Inc. | | 13364 Marlay Ave | |
|---|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
| Fontana | CA | | 92337 |
| CITY | STATE | | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on 7/29/2022 _____ at WOODLAND HILLS _____, California.

_Stephen J. Wiard_
Signature of Attorney/Party

## CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Martinez -v- XPO Logistics Freight, Inc. et al | |
|---|---|
| NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT | Case Number |
| | CIVSB2216583 |

JML LAW
5855 TOPANGA CANYON BLVD
SUITE 300
WOODLAND HILLS CA 91367

This case has been assigned to: Bryan Foster in Department S22 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 03/15/2023 at 8:30 AM in Department S22 - SBJC

Date: 9/15/2022                    By: _____
                                        Sophia Smith, Deputy Clerk

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☒ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 9/15/2022

I declare under penalty of perjury that the forgoing is true and correct. Executed on 9/15/2022 at San Bernardino, CA.

By: _____
    Sophia Smith, Deputy Clerk

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

| TELEPHONE NO.: | |
| E-MAIL ADDRESS: | TRIAL SETTING CONFERENCE DATE: _____ |
| ATTORNEY FOR (Name): | UNLIMITED CASE: _____ |
| FAX NO. (Optional): | LIMITED CASE: _____ |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. <u>This document must be filed and served at least 15 days prior to the trial setting conference date.</u>

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case in Complaint:**

5. **Description of case in Cross-Complaint:**

6. Has all discovery been completed: Yes ☐   No ☐   Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐   No ☐   Please check type agreed to: Private: _____   Court-sponsored: _____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ Trial dates requested: Yes ☐  No ☐  Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

    _____          _____
    (TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY

    _____          _____
    (TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY

# EXHIBIT B

Chad D. Bernard (SBN 194162)
Danielle C. Cepeda (SBN 327502)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430
Chad.Bernard@jacksonlewis.com
Danielle.Cepeda@jacksonlewis.com

Attorneys for Defendants
XPO LOGISTICS FREIGHT, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| ERICK MARTINEZ,<br><br>                    Plaintiff,<br><br>          vs.<br><br>XPO LOGISTICS FREIGHT, INC., a Delaware Corporation; and DOES 1 through 50, inclusive.<br><br>                    Defendants. | CASE NO.: CIVSB2216583<br><br>[Assigned for All Purposes to the Hon. Bryan Foster, Dept. S22]<br><br>**DEFENDANT XPO LOGISTICS FREIGHT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br><br><br>Complaint Filed: September 22, 2020 |

Defendant XPO LOGISTICS FREIGHT, INC. ("Defendant") hereby responds to the unverified Complaint ("Complaint") filed by Plaintiff ERICK MARTINEZ ("Plaintiff") as follows:

### GENERAL DENIAL

Under the provisions of Section 431.30(d) of the Code of Civil Procedure, Defendant generally and specifically denies each and every allegation contained in the unverified Complaint, and each cause of action alleged therein, and denies that Plaintiff was injured or damaged as alleged, or at all.

### AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action

alleged therein, and to each of them, Defendant alleges as follows without conceding it bears the burden of proof as to each of them:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

2.     The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure sections 335.1 and 338, 339, 340, California Labor Code sections 203(b), and California Government Code sections 12960(e) 12965(c).

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

3.     Defendant alleges that Plaintiff lacks standing to assert the claims alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies or Provide Adequate Notice)

4.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust administrative remedies under California Government Code sections 12960 and 12965.

## FIFTH AFFIRMATIVE DEFENSE

### (Worker's Compensation Pre-emption)

5.     To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, Labor Code section 3600, *et seq*., as such emotional or physical injury does not exceed the normal risks of the employment relationship.

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SIXTH AFFIRMATIVE DEFENSE

#### (Equitable Doctrines)

6.     Plaintiff's Complaint, and each purported cause of action therein, is barred by the doctrines of laches, estoppel, waiver, and unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Managerial Immunity)

7.     The doctrine of managerial immunity bars any injuries Plaintiff allegedly sustained as a result of any action by a management employee of Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Privileged and Justified Conduct)

8.     Any recovery on Plaintiff's Complaint is barred because Defendant's conduct was privileged and/or justified under California law and for valid business reasons.

### NINTH AFFIRMATIVE DEFENSE

#### (At-Will Employment)

9.     Plaintiff's term of employment and terms of employment were for an unspecified duration and therefore terminable at will, with or without cause, pursuant to California Labor Code section 2922.

### TENTH AFFIRMATIVE DEFENSE

#### (Good Cause)

10.     Assuming *arguendo* that Plaintiff's employment and/or terms of employment were not terminable at will, which Defendant disputes, Defendant had good cause to terminate Plaintiff's employment and/or Plaintiff's terms of employment.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Mixed Motive)

11.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory business reasons.  *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

1

## TWELFTH AFFIRMATIVE DEFENSE

2

### (Legitimate Business Justification)

3        12.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

4  barred because, assuming *arguendo* that discriminatory reasons had been a motivating factor in any

5  employment decisions toward Plaintiff, which Defendant disputes, Defendant would have made the same

6  employment decisions toward Plaintiff in any case for legitimate, non-discriminatory and non-retaliatory

7  business reasons that were not related to a violation of public policy or any other factors protected by law.

8

## THIRTEENTH AFFIRMATIVE DEFENSE

9

### (Avoidable Consequences)

10        13.    Although Defendant denies Defendant committed or has responsibility for any act that

11  could support the recovery of damages in this lawsuit, to the extent Plaintiff alleges violations of the

12  California Fair Employment and Housing Act, which Defendant denies, Plaintiff is barred from recovering

13  any damages under the avoidable consequences doctrine. Defendant took reasonable steps to prevent and

14  correct workplace discrimination and harassment, Plaintiff unreasonably failed to utilize the available

15  preventive and corrective measures, and reasonable use of such preventive and corrective measures would

16  have prevented at least some of the harm Plaintiff allegedly suffered.  *See, State Dept. of Health Services*

17  *v. Superior Court of Sacramento County* (*McGinnis*) (2003) 31 Cal.4th 1026.

18

## FOURTEENTH AFFIRMATIVE DEFENSE

19

### (Contributory Fault)

20        14.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

21  barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

22

## FIFTEENTH AFFIRMATIVE DEFENSE

23

### (Reasonable Care to Prevent)

24        15.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

25  barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly

26  any alleged discriminatory or retaliatory behavior.

27  / / /

28  / / /

## SIXTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

16.     To the extent discovery may disclose information which could serve as a basis for any adverse action relating to Plaintiff's employment, Plaintiff is barred from recovery by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (California Labor Code Sections 2854 and 2856)

17.     Defendant is informed and believe and thereon allege that any recovery on Plaintiff's Complaint, or on each purported cause of action alleged therein, is barred by California Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Perform Responsibilities)

18.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform his job responsibilities, and otherwise conduct himself in accordance with Defendant's standards and policies.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Avoid Harm)

19.     Plaintiff's allegations of harassment and discrimination are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities or to avoid harm otherwise.  *State Dept. of Health Servs. v. Superior Court of Sacramento County*, 31 Cal. 4th 1026 (2000).

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Denial of Meal and Rest Period)

20.     Any recovery on Plaintiff's Complaint with respect to allegations of failure to provide meal or rest periods is barred because Defendant complied with all applicable provisions of the Labor Code, and the Wage Orders of the Industrial Welfare Commission.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Voluntary Waiver of Meal and Rest Periods)

21.     Any recovery on Plaintiff's Complaint with respect to allegations of failure to provide meal and rest periods is barred to the extent Defendant afforded Plaintiff, during the applicable limitations periods, the opportunity to take required meal and rest breaks in compliance with California law, and he voluntarily waived his right to take such meal and rest breaks.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Maximum Recovery Under Labor Code § 226.7)

22.     Any recovery on Plaintiff's Complaint with respect to allegations of failure to provide meal and rest periods is limited to a penalty of one hour's pay per workday under Labor Code § 226.7 regardless of the number of meal and rest breaks allegedly not received on that day.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Record All Hours Worked)

23.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff failed to work or record all time worked as reasonably expected or required.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Reasonable Directions)

24.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by California Labor Code sections 2854 and 2856 to the extent Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of their employer.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (All Due Compensation Paid)

25.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff has been paid all income, compensation, and pay to which he has been entitled to under California Labor Code and the applicable orders of the Industrial Welfare Commission.

/ / /

/ / /

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

### (All Overtime Wages Properly Paid)

3      26.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

4   barred because based on overtime wages paid, Plaintiff is not entitled to any wages or other compensation

5   or penalties under the Labor Code, the applicable Wage Orders of the Industrial Welfare Commission

6   and/or any other law.  Plaintiff's pay was in compliance with all applicable overtime requirements of all

7   applicable regulations.

8

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

9

### (Payment, at All Relevant Times, of at Least Minimum Wage)

10      27.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

11   barred because Plaintiff was not paid a wage less than the minimum wage fixed by any applicable Wage

12   Orders of the Industrial Welfare Commission.

13

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

14

### (No Willful Conduct / Good Faith Dispute)

15      28.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

16   barred because any violation of the California Labor Code was an act or omission in good faith, was not

17   willful, and Defendant had reasonable grounds for believing that the act or omission was not a violation

18   of the California Labor Code.

19

## TWENTY-NINTH AFFIRMATIVE DEFENSE

20

### (Wage Statements – No Injury)

21      29.     Without admitting the allegations of Plaintiff's Complaint, but rather expressly denying

22   them, any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred

23   because, even assuming *arguendo* that Plaintiff was not provided with a proper itemized wage statement

24   of wages and deductions, he suffered no injury based on Defendant's alleged failure to provide itemized

25   wage statements.

26

## THIRTIETH AFFIRMATIVE DEFENSE

27

### (Wage Statements – No Knowing and Intentional Failure)

28      30.     Without admitting the allegations of Plaintiff's Complaint, but rather expressly denying

them, any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because even assuming *arguendo* that Plaintiff was not provided with a proper itemized statement of wages and deductions, he is not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was not "knowing and intentional failure" under California Labor Code section 226.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Set-Off for Unearned Compensation)

31.     Without admitting the allegations of Plaintiff's Complaint, but rather expressly denying them, Defendant is entitled to set-off for amounts Plaintiff owes Defendant for receipt of compensation and other benefits to which he was not entitled or did not earn.  *See Witt v. Jackson* (1961) 57 Cal.2d 57.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

32.     Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Offset / No Double Recovery)

33.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57, 73 and its progeny.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Plaintiff Is Not Entitled To Attorneys' Fees)

34.     Plaintiff's Complaint as a whole, and the purported causes of action alleged therein, is barred in whole or in part because it fails to state a cause of action entitling Plaintiff to an award of attorneys' fees against Defendant.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Defendant Is Entitled to Attorneys' Fees)

35.     Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous,

unfounded, and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to California Government Code section 12965 upon judgment in Defendant's favor.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

36.     Plaintiff's claims for exemplary and punitive damages are barred in that Plaintiff has failed to raise sufficient allegations of malice, oppression or fraud and has failed to raise sufficient allegations to comply with the requirements of California Civil Code section 3294.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

37.     Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution.

## RESERVATION OF RIGHTS

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## **DEFENDANT'S REQUEST FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by way of the Complaint;

2.     That Plaintiff's Complaint be dismissed with prejudice and judgment entered in favor of Defendant and against Plaintiff on all claims;

3.     That Defendant be awarded reasonable attorney's fees pursuant to California Government Code section 12965 and/or any other applicable statutes;

4.     That Defendant be awarded its costs of suit herein; and

That the Court award Defendant such other and further relief as the Court may deem just and proper.


Dated:  November 4, 2022                    JACKSON LEWIS P.C.


By _____
           Chad D. Bernard
           Danielle C. Cepeda
           Attorneys for Defendant
           XPO LOGISTICS FREIGHT, INC.

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

**CASE NAME:        MARTINEZ V. XPO LOGISTICS FREIGHT, INC.**

**CASE NUMBER:    CIVSB2216583**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

On **November 4, 2022**, I served the foregoing document described as:

**DEFENDANT XPO LOGISTICS FREIGHT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

in this action by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| JML LAW, APLC | Attorneys for Plaintiff |
| Stephen J. Wiard, Esq. | ERICK MARTINEZ |
| Dina A. Issagholi, Esq. | |
| 5855 Topanga Canyon Boulevard, Suite 300 | |
| Woodland Hills, CA  91367 | |
| Tel; (818) 610-8800 | |
| Fax: (818) 610.3030 | |

**[X]    BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address Irene.Miranda@jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]    BY UNITED STATES MAIL:**  I enclosed the documents in a sealed envelope or package addressed to the persons listed. I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope with postage fully prepaid.

**[X]    STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **November 4, 2022** at Los Angeles, California.

/s/ Irene Miranda
IRENE MIRANDA

4891-6276-5373, v. 1